ORIGINAL    SEALED    

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE *EX PARTE* APPLICATION | § | |
| GRUPO MEXICO SAB de CV FOR | § | 3-14MC-073-G |
| AN ORDER TO OBTAIN DISCOVERY | § | Misc. Action No. _____ |
| FOR USE IN A FOREIGN PROCEEDING | § | |

### *EX PARTE* APPLICATION AND MEMORANDUM OF LAW IN SUPPORT OF GRUPO MEXICO SAB DE CV'S APPLICATION FOR AN ORDER DIRECTING DISCOVERY IN AID OF FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

Respectfully submitted,

SIDLEY AUSTIN LLP

Steven R. Selsberg
sselsberg@sidley.com
State Bar No. 18021550
Wells Fargo Plaza
1000 Louisiana Street
Suite 6000
Houston, TX 77002
Telephone: (713) 495-4506
Facsimile: (713) 495-7799

Yolanda Cornejo Garcia
ygarcia@sidley.com
State Bar No. 24012457
Jacqueline Palma Malafa
jmalafa@sidley.com
State Bar No. 24079102
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Attorneys for Grupo Mexico SAB de CV*

Based upon the accompanying Memorandum of Law, the Declaration of Jordi Oropeza Solórzano and the supporting documents attached thereto, Grupo Mexico SAB de CV ("Grupo Mexico") hereby applies to this Court for an Order, pursuant to 28 U.S.C. § 1782 and Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, granting Grupo Mexico leave to serve Highland Capital Management L.P. and SAS Asset Recovery, Ltd. with subpoenas.[1]

DATED: May 9, 2014

          Respectfully submitted,

          SIDLEY AUSTIN LLP

          By: _____
          Steven R. Selsberg
          sselsberg@sidley.com
          State Bar No. 18021550
          Wells Fargo Plaza
          1000 Louisiana Street
          Suite 6000
          Houston, TX 77002
          Telephone: (713) 495-4506
          Facsimile: (713) 495-7799

          Yolanda Cornejo Garcia
          ygarcia@sidley.com
          State Bar No. 24012457
          Jacqueline Palma Malafa
          jmalafa@sidley.com
          State Bar No. 24079102
          2001 Ross Avenue, Suite 3600
          Dallas, Texas 75201
          Telephone: (214) 981-3300
          Facsimile: (214) 981-3400

          *Attorneys for Grupo Mexico SAB de CV*

---

[1] An appendix containing supporting materials is filed contemporaneously with this Submission and incorporated by reference as if fully set forth herein. *See* Subpoenas prepared for issuance upon Highland and SAS (Exs. A and B) (Apps. 1, 12).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION GRUPO MEXICO SAB de CV FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING | § § § § § Misc. Action No. _____ |

# MEMORANDUM OF LAW IN SUPPORT OF GRUPO MEXICO SAB DE CV'S APPLICATION FOR AN ORDER DIRECTING DISCOVERY IN AID OF FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

Respectfully submitted,

SIDLEY AUSTIN LLP

Steven R. Selsberg
sselsberg@sidley.com
State Bar No. 18021550
Wells Fargo Plaza
1000 Louisiana Street
Suite 6000
Houston, TX 77002
Telephone: (713) 495-4506
Facsimile: (713) 495-7799

Yolanda Cornejo Garcia
ygarcia@sidley.com
State Bar No. 24012457
Jacqueline Palma Malafa
jmalafa@sidley.com
State Bar No. 24079102
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Attorneys for Grupo Mexico SAB de CV*

## **TABLE OF CONTENTS**

PAGE

I. INTRODUCTION .................................................................................................................. 1

II. BACKGROUND ................................................................................................................... 2

    1. THE MEXICAN PROCEEDING ................................................................................. 2

    2. THE ROLE OF HIGHLAND AND SAS ..................................................................... 3

III. ARGUMENT ........................................................................................................................ 5

    1. APPLICANT'S APPLICATION MEETS ALL OF THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782 ............................................................................... 5

        A. Grupo Mexico is an "Interested Person" Under Section 1782 .................... 6

        B. Grupo Mexico's Application Requests Documentary and Testimonial Evidence ........................................................................................................ 7

        C. The Evidence Will Be Used in Proceedings in a Foreign Tribunal and is Necessary for Applicant's Civil Action ................................................... 8

        D. Highland and SAS Reside or Are Found in the Northern District of Texas ............................................................................................................. 8

        E. The Discovery Sought Here Does Not Violate Any Privilege .................... 9

        F. Granting the Application Would Foster the Twin Policy Aims Behind Section 1782 ................................................................................................. 9

    2. THIS COURT SHOULD EXERCISE ITS JURISDICTION PURSUANT TO SECTION 1782 AND GRANT THE APPLICATION .......................................... 10

        A. The Information Sought is Not within the Jurisdictional Reach of the Mexican Court .......................................................................................... 11

        B. The Relevant Tribunals, Laws, and Rules are Not Hostile to this Application ................................................................................................. 12

        C. The Application is Not Filed to Circumvent Any Mexican Law or Rule .. 12

        D. The Application and Discovery Requests are Narrowly Tailored and Neither Unduly Intrusive nor Burdensome ............................................. 13

IV. CONCLUSION ................................................................................................................... 14

# TABLE OF AUTHORITIES

**CASES**                                                                                              **PAGE(S)**

*Euromepa S.A. v. R. Esmerian, Inc.*,
   51 F.3d 1095 (2d Cir. 1995)..................................................................................................12

*In re Application of Alves Braga*,
   789 F.Supp.2d 1294 (S.D. Fla. 2011) .....................................................................................1

*In re Application of Chevron Corp.*,
   H-10-134, 2010 WL 2038826 (S.D. Tex. May 20, 2010) ....................................................11

*In re Chevron Corp.*,
   709 F. Supp. 2d 283 (S.D.N.Y. 2010) ............................................................................ 12-13

*In re Grupo Qumma, S.A.*,
   No. M 8-85, 2005 U.S. Dist. LEXIS 6898 (S.D.N.Y. Apr. 21, 2005)..................................12

*In re Gushlak*,
   No. 11-MC-218 (NGG), 2011 WL 3651268 (E.D.N.Y. Aug. 17, 2011)..............................12

*In re Imanagement Servs.* Ltd.,
   No. Misc. 05-89 (FB), 2005 WL 1959702 (E.D.N.Y. Aug. 16, 2005)..................................12

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004)....................................................................................................... passim

*John Deere Ltd. v. Sperry Corp.*,
   754 F.2d 132 (3d Cir. 1985)..................................................................................................10

*Lancaster Factoring Co. Ltd. v. Mangone*,
   90 F.3d 38 (2d Cir. 1996). .............................................................................................. 9-10

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978)..............................................................................................................13

*Tex. Keystone, Inc. v Prime Natural Res. Inc.*,
   694 F.3d 548 (5th Cir. 2012) .................................................................................................9

**STATUTES**

28 U.S.C. § 1782............................................................................................................... passim

**RULES**

Fed. R. Civ. P. 26(b)(1)..........................................................................................................13

## I. INTRODUCTION

28 U.S.C. § 1782 provides that a district court may order a person or entity residing or found within the district to produce documents and give testimony in aid of a proceeding in a foreign or international tribunal following the application of an interested person. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246 (2004). Section 1782 was passed to create a mechanism by which the federal courts can assist interested parties to gather evidence that is located in the United States for use in a foreign or international tribunal. *Id.* at 247. Applicant, Grupo Mexico SAB de CV ("Grupo Mexico" or "the Applicant"), respectfully submits this application (the "Application") for an order pursuant to Section 1782 authorizing it to issue and serve subpoenas for limited documents and testimony on respondents Highland Capital Management, L. P. ("Highland") and SAS Asset Recovery, Ltd. ("SAS") (collectively "the Respondents").[2] Grupo Mexico seeks to use this discovery in *Infund LLP v. Germán Larrea Mota Velasco*, a litigation matter filed in Mexico (the "Mexican Proceeding").

It is within the power of this Court to issue a discovery order under Section 1782 *ex parte*. *See In re Application of Alves Braga*, 789 F.Supp.2d 1294, 1303 (S.D. Fla. 2011) ("There is nothing inappropriate about an *ex parte* application under [Section 1782]. In fact, in the Court's experience, most applications filed here in this district are submitted on an *ex parte* basis.").

As detailed below, this Application makes the prima facie showing required for an order directing discovery under Section 1782. In addition, each of the discretionary factors supports an order authorizing the discovery. Accordingly, the Applicant hereby requests that this Court grant its request to issue an order directing discovery under Section 1782 to Highland and SAS.

---

[2] *See* Subpoenas prepared for issuance upon Highland and SAS (Exs. A and B) (Apps. 1, 12).

1

## II. BACKGROUND

1. **THE MEXICAN PROCEEDING**

On May 21, 2013, Hector García de Quevedo ("García"), purportedly as attorney in fact of Infund LLP ("Infund"), filed suit against Germán Larrea ("Larrea"), shareholder and Chairman of the Board of Directors of Grupo Mexico. Infund is a UK Limited Liability Partnership that was created as a vehicle to execute a transaction to pay a capital increase to Grupo Mexico. García, a disaffected former employee of Grupo Mexico who structured the transaction, took control of Infund and has filed a series of lawsuits against Grupo Mexico and Larrea. In the present proceeding, García, purportedly as attorney in fact for Infund, brought a breach of contract claim against Larrea in a federal court in Mexico City, alleging that Larrea failed to deliver approximately 65 million shares of Grupo Mexico to Infund, following the 2003 transaction. Infund is seeking a judicial declaration from a Mexican court that Larrea was acting as the agent of Infund in that transaction, as well as the delivery of the stock and a Mexican court order seeking any accounts, fruits, dividends and remainders. Infund has also requested costs and expenses incurred in the litigation.

On behalf of Infund, García brought his first lawsuit against Grupo Mexico's Larrea on August 1, 2008, in Mexico. As in the present proceeding, Infund alleged that Larrea had failed to deliver the shares of Grupo Mexico stock involved in the prior capital transaction. The Mexican court in the 2008 lawsuit found that Infund could not properly appear in the case and dismissed the claim. The court ordered García to pay Larrea's costs from the lawsuit, which he has not yet done. Instead, García, through Infund, made the same allegations against Larrea in a second lawsuit in Mexico, hoping that a second judge will disagree with the original ruling and find that Infund can properly appear in the case.

2.  **THE ROLE OF HIGHLAND AND SAS**

Prior to filing the present action, on information and belief, Infund and/or García signed a litigation management consulting agreement ("the Agreement") to assist in the attempt to recover the Grupo Mexico shares. Under the terms of the Agreement, Infund assigned the management, funding and control of the litigation to the foreign entity, in exchange for a share in any recovery. On information and belief, Infund's Agreement is with Highland and SAS.

Highland is an investment fund specializing in credit strategies and alternative investments with approximately $18.7 billion under management. Highland was founded in 1993 and is headquartered in Dallas, Texas.

On information and belief, SAS is a litigation funding and management business that was launched by Highland in 2012, and Highland remains SAS's primary investor. SAS is registered in the Cayman Islands, but it is based in Dallas and, on information and belief, operates out of Highland's headquarters and there are many additional close ties between the two companies. SAS's CEO, Scott Ellington, is also Chief Legal Officer and General Counsel of Highland. Additionally, when a telephone call is placed to the number listed on SAS's website, it appears that the call is routed to Highland's office in Dallas and a message states: "Thank you for calling SAS Asset Recovery. For reception press 0. For Scott, press 1. For Dilip, press 2. For JP, press 3. For Tabor, press 4. For Katie, press 5. For Isaac, press 6. Thanks and have a good day." On information and belief, the message refers to the following individuals: 1) Scott Ellington; 2) Dilip Massand, Managing Director, Middle East at SAS; 3) John Paul Sevilla, Associate General Counsel at Highland; 4) Tabor Pittman, Associate General Counsel at Highland until January 2014, currently working at Goldman Sachs; 5) Katie Irving, Director of Business Development at Highland; and 6) Isaac Leventon, Assistant General Counsel at Highland.

SAS's business model is to seek out potentially lucrative litigations and provide the necessary funding and management to pursue them, in exchange for a negotiated percentage of any recovery.

On information and belief, the Agreement indicates that Highland and/or SAS, not Infund and García, are controlling the Mexican litigation strategy and have an interest in the Mexican Proceeding. It is important for the Mexican Court and Grupo Mexico to know which party owns the rights claimed by Infund, who is actually the final decision maker in the Mexican Proceeding and who is controlling the case. Additionally, based on SAS's business strategy, SAS is entitled to a portion of any recovery that Infund receives if the Mexican Proceeding is successful. Consequently, depending on the terms of the Agreement, Highland and SAS may have a substantial interest and control in the outcome of the Mexican Proceeding. It is relevant to the Mexican Proceeding to know who is entitled to recover the Grupo Mexico shares, if Infund's suit is successful. Under Mexican law, standing in a civil suit is determined by ownership of the rights in question.[3] Consequently, depending on the terms of the agreement, Highland and/or SAS may be necessary parties to the Mexican Proceeding under Mexican law. *Id.* Further, if Highland and SAS have paid García and Infund for total or partial ownership of the claimed rights against Larrea or for control of the litigation and if Infund were to recover on its claim in the Mexican Proceeding, that recovery would need to be reduced to prevent Infund recovering twice for a single alleged injury. Additionally, if Highland and SAS purchased the right to a percentage of any potential discovery, Larrea may have a claim against them to enforce the award of costs in the first litigation. If Highland and SAS are controlling the litigation and are entitled to any recovery, Larrea and/or Grupo Mexico may be able to bring this claim against them as well.

---

[3] Affidavit of Jordi Oropeza Solórzano at ¶¶ 6-9 (Ex. C) (App. 25-27) (hereinafter "Oropeza Solórzano Affidavit").

III. ARGUMENT

1. **APPLICANT'S APPLICATION MEETS ALL OF THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782**

28 U.S.C. § 1782 provides, in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court ... The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

Courts have distilled from the statutory language of 28 U.S.C. § 1782 the following basic requirements for its invocation: "(1) the request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *See Intel*, 542 U.S. at 246-47. Grupo Mexico's Application meets all of the statutory requirements of 28 U.S.C. § 1782.

### A. Grupo Mexico is an "Interested Person" Under Section 1782

Grupo Mexico is an "interested person" within the meaning of Section 1782 because it is gathering this evidence and testimony for use by a foreign tribunal in connection with a civil proceeding in Mexico related directly to its shares and has a reasonable interest in obtaining judicial assistance. The Mexican Proceeding stems from a transaction involving a capital increase in Grupo Mexico's shares.

The Supreme Court has interpreted "interested person" broadly. In *Intel*, the Supreme Court found that a complainant who triggered an investigative commission proceeding was an "interested person" because the individual had a reasonable interest in obtaining judicial assistance. *See Intel*, 542 U.S. at 256-57 (explaining that the complainant "possesses a reasonable interest in obtaining judicial assistance and therefore qualifies as an interested person within any fair construction of that term") (citing Smit, *International Litigation* at 1027 for the proposition that "any interested person is intended to include not only litigants before foreign or international tribunals, but also foreign and international officials as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance."). The Court held that "any interested person" includes anyone who has a reasonable interest in obtaining judicial assistance, and consequently, an applicant need not be a party to the foreign matter. *Id.*

Grupo Mexico has a strong interest in the proceeding, as the transaction at issue in the case was carried out for the purpose of recapitalizing Grupo Mexico. Additionally, the stock at issue is Grupo Mexico stock and Larrea, the defendant in the Mexican litigation, is the Chairman of the company. Consequently, Grupo Mexico has been recognized as a third party in interest by the judge in the Mexican Proceeding and can present evidence in the case. Under Mexican law, if Infund transferred any of its rights to the claim to Highland and/or SAS, they may be necessary

parties to the Mexican Proceeding.[4] If Highland and/or SAS have acquired all or part of the rights to the claim at issue in the Mexican Proceeding, Infund may no longer be a proper party to the case and Highland and/or SAS may be required to be joined in the matter. *Id.* It is essential for Larrea and Grupo Mexico to know whether or not Infund is a proper party to bring the claim in the Mexican Proceeding.

Additionally, If Highland and SAS paid García and Infund as part of the Agreement, this may mitigate any potential recovery. If Infund received money from Highland and SAS, and were to subsequently recover damages, then Infund would be compensated twice for its alleged injury. If any potential recovery has been mitigated, this information is crucial for the defendants in the case. Because Highland and SAS are outside the jurisdiction of the Mexican court, the defendants in the case could be required to pay damages in excess of the amount that Infund is entitled to without assistance from this Court and discovery under Section 1782. Therefore, Grupo Mexico has a reasonable interest in receiving judicial assistance to obtain discovery from Highland and SAS.

### B. Grupo Mexico's Application Requests Documentary and Testimonial Evidence

Grupo Mexico's Application requests documentary and testimonial evidence from Highland and SAS, satisfying the Section 1782 requirement that the request must seek evidence, whether it be the testimony or statement of a person, or the production of a document or other thing. *See Intel*, 542 U.S. at 246.

Grupo Mexico is seeking evidence regarding the relationship between García and Infund and Highland and SAS and is requesting any documentary evidence regarding the Agreement, any payment made to García or Infund by Highland or SAS, what Highland and SAS are entitled

---

[4] Oropeza Solórzano Affidavit at ¶¶ 6-9 (Ex. C) (App. 25-27).

to in the event the Mexican lawsuit is successful, whether Highland or SAS should be liable for costs in the prior Mexican proceeding and the nature of Highland and SAS's control of the ongoing litigation. Grupo Mexico reserves the right to supplement its discovery requests should facts come to light that warrant doing so.

### C. The Evidence Will Be Used in Proceedings in a Foreign Tribunal and is Necessary for Applicant's Civil Action

The Mexican Proceeding is a paradigmatic example of a proceeding before a foreign tribunal for purposes of § 1782. *See, e.g., Intel*, 542 U.S. at 258. The Supreme Court held that, for the purposes of the statute, the matter is before a "tribunal" if the body hearing the matter is a "first instance decision maker." *Id.* at 246-47, 258. Infund brought the Mexican Proceeding against Larrea in a Mexican federal court in Mexico City. It is undoubtedly a "tribunal" within the meaning of the statute.

### D. Highland and SAS Reside or Are Found in the Northern District of Texas

Upon information and belief, Highland is headquartered at 300 Crescent Court, Suite 700, Dallas, TX, 75201, and SAS operates out of Highland's headquarters. Accordingly, both Highland and SAS reside or are found within the District in which Grupo Mexico seeks evidence as set forth by the requirements of 28 U.S.C. § 1782(a). Under Mexican law, if the Agreement transferred all or part of the right to the underlying claim [or to any future recovery] to Highland and/or SAS, Highland and/or SAS would be necessary parties to the Mexican Proceeding.[5] In fact, if the Agreement transferred all of the right to the underlying claim to Highland and/or SAS, Infund would no longer have standing under Mexican law, and Highland and/or SAS would be required to replace Infund as the plaintiff in the Mexican Proceeding. *Id.*

---

[5] Oropeza Solorzano Affidavit at ¶¶ 5-8 (Ex. C) (App. 25-27).

### E. The Discovery Sought Here Does Not Violate Any Privilege

The discovery that Grupo Mexico seeks does not violate "any legally applicable privilege." 28 U.S.C. § 1782(a). Grupo Mexico seeks evidence regarding the Agreement, any payment made to García or Infund by Highland or SAS, what Highland and SAS are entitled to in the event the lawsuit is successful, and the nature of Highland and SAS's control of the ongoing litigation. The details of the Agreement and communications between the parties regarding the Agreement is not protected by attorney-client privilege, as it was an agreement negotiated between separate entities. Additionally, Grupo Mexico is not seeking any details of the litigation strategy for the Mexican Proceeding and simply wishes to know which entity is controlling the Mexican litigation and directing the case. Finally, in the unlikely event that any of the evidence is privileged, it can be redacted out, just like any other case.

### F. Granting the Application Would Foster the Twin Policy Aims Behind Section 1782

Granting the Application also would foster Section 1782's "twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (internal quotations omitted). *See also Tex. Keystone, Inc. v Prime Natural Res., Inc.*, 694 F.3d 548, 553-54 (5th Cir. 2012).

The first aim would be served because the proposed discovery is narrowly tailored to seek evidence highly relevant to the Mexican Proceeding. The parties and the Mexican court should know who is truly controlling the litigation, whose interests are at stake, and be sure that all of the necessary parties are joined in the case. Thus, granting the Application would be an efficient means of providing assistance to a party before a foreign tribunal. *See Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) (goals of Section 1782, which

dates back to 1855, are to provide "equitable and efficacious" discovery procedures in U.S. courts "for the benefit of tribunals and litigants involved in litigation with international aspects") (quoting S. Rep. No. 1580, 88th Cong., 2d Sess. 2 (1964) ("Senate Report")); *John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 135 (3d Cir. 1985) (noting that a "liberal intent to provide judicial assistance..." "has been acknowledged as a primary statutory goal since section 1782's inception").

The second aim would be served because granting the Application would further the exchange of judicial assistance between the United States and Mexico. *See Id.* at 135 (noting that section 1782 takes into account "considerations of comity and sovereignty that pervade international law" and that reciprocity is not a requirement for its application); (section 1782 reflects "a major step in bringing the United States to the forefront of nations adjusting their procedures to those of sister nations" and an "effort[ ] to improve practices of international cooperation in litigation"). *Id.*

Accordingly, all of the *Intel* factors and the "twin aims" of Section 1782 support the granting of Grupo Mexico's Application.

In summary, because Grupo Mexico sufficiently has met all of the requirements for invoking 28 U.S.C. § 1782, this Court has jurisdiction to order Highland and SAS to provide the requested discovery.

2. **THIS COURT SHOULD EXERCISE ITS JURISDICTION PURSUANT TO SECTION 1782 AND GRANT THE APPLICATION**

Once a court has determined that the statutory requirements for relief under Section 1782 have been met, the court has the discretion to issue an order directing discovery. In *Intel*, the Supreme Court detailed certain factors that district courts should apply in deciding whether Section 1782 relief should be granted to an applicant. *Intel*, 542 U.S. at 241. Those factors are:

> . . . (1) whether the material sought is within the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and the character of the proceedings; (3) the receptivity of the foreign tribunal to U.S. federal-court judicial assistance; (4) whether the request is an attempt to circumvent the foreign-proof gathering restrictions or other policies of the foreign country or the United States; and (5) whether the request is unduly intrusive or burdensome.

*In re Application of Chevron Corp.*, No. H-10-134, 2010 WL 2038826, at *1 (S.D. Tex. May 20, 2010). *See also Intel,* 542 U.S. at 264-65. Within the first discretionary factor, the Supreme Court also directed district courts consider whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant;" *Id.* at 264. All of these factors support the granting of Grupo Mexico's Application.

### A. The Information Sought is Not within the Jurisdictional Reach of the Mexican Court

First, neither Highland nor SAS is a participant in the Mexican civil proceeding, and they are not presently anticipated to be parties in that action. The Mexican court does not have jurisdiction to order them to appear or to produce evidence. Therefore, Section 1782 plays a vital role in Grupo Mexico's ability to obtain evidence from Highland and SAS. As the Supreme Court noted in *Intel*, a discovery request against a third-party can be more compelling than a discovery request against a party to the foreign matter, as the third-party is more likely to be outside the foreign jurisdiction, and the foreign court may have no way of enforcing an order to produce documents. *Id.* This is precisely the situation in the case at hand. Highland and SAS are not parties to the Mexican Proceeding and are outside the jurisdiction of the Mexican court. It would be impossible for the Mexican court to enforce a discovery request against entities located in the United States without judicial assistance from the district court.

### B. The Relevant Tribunals, Laws, and Rules are Not Hostile to this Application

Second, there is no Mexican law, rule of evidence, or rule of civil procedure prohibiting the filing of this Application or the request made in it. *See In re Grupo Qumma, S.A.*, No. M 8-85, 2005 U.S. Dist. LEXIS 6898, at *12 (S.D.N.Y. Apr. 21, 2005) (granting petitioners' petition for judicial assistance pursuant to 28 U.S.C. § 1782 so that they could obtain discovery from respondents, certain individuals and entities, who resided or could be found in the district, for use in foreign litigation pending in Mexico). Section 1782 applications have been routinely granted in aid of foreign litigation proceeding, and there is no reason to believe that the Mexican court in question would be unreceptive to discovery. *Cf. In re Gushlak*, No. 11-MC-218 (NGG), 2011 WL 3651268, at *4 (E.D.N.Y. Aug. 17, 2011) ("[C]ourts should err on the side of ordering discovery, since foreign courts can easily disregard material they do not wish to consider.") (citing *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 (2d Cir. 1995)). In fact, the opposite is true and there is reason to believe that the Mexican court would welcome the discovery, as it is necessary to determine who has standing under Mexican law to bring the claim in the Mexican Proceeding.[6]

### C. The Application is Not Filed to Circumvent Any Mexican Law or Rule

Third, this Application is not interposed for any improper purpose or to circumvent any Mexican law or rule. There is no rule or law applicable in the Mexican Court that would foreclose the gathering of evidence relating to control of the litigation and a substantial interest in any recovery. Moreover, where, as here, the foreign tribunal lacks jurisdiction to order discovery from non-parties, a Section 1782 application is a "reasonable effort to overcome a technical discovery limitation." *In re Imanagement Servs. Ltd.*, No. Misc. 05-89 (FB), 2005 WL 1959702, at *5 (E.D.N.Y. Aug. 16, 2005); *see also, e.g., In re Chevron Corp.*, 709 F.Supp.2d

---

[6] Oropeza Solórzano Affidavit at ¶¶ 6-9 (Ex. C) (App. 25-27).

283, 293 (S.D.N.Y. 2010) (opining that there was no attempt to circumvent foreign proof-gathering policies where the foreign tribunal could not compel the production of documents against a non-party). As discussed above, without Section 1782 relief, Grupo Mexico will be foreclosed from obtaining important evidence and from discovering the role of Highland and SAS in the Mexican Proceeding and whether or not they are necessary parties to that proceeding.

### D. The Application and Discovery Requests are Narrowly Tailored and Neither Unduly Intrusive nor Burdensome

Section 1782(a) allows discovery under the statute "in accordance with the Federal Rules of Civil Procedure." Under Rule 26(b)(1), parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense," subject to the requirement that the request is "reasonably calculated to lead to the discovery of admissible evidence." This standard "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Grupo Mexico seeks documents and testimony that should be readily accessible to Highland and SAS and Grupo Mexico has limited its request to avoid placing an undue burden on Highland and SAS. Grupo Mexico only seeks non-privileged communications and documents relating to the Agreement and the management and control of the Mexican litigation, a matter that is of substantial importance and interest to Grupo Mexico and the Mexican court, and, if necessary, the deposition of a corporate representative. This Application is narrowly tailored to the issue of determining Highland and SAS's role in planning, directing or controlling the Mexican Proceeding and its interest in any recovery, and therefore is not intrusive or burdensome. Thus, the factors identified in *Intel* all favor the granting of Grupo Mexico's Application.

## IV. CONCLUSION

WHEREFORE, APPLICANT respectfully requests that the Court grant this Application pursuant to 28 U.S. C. § 1782 compelling the production of the documents within thirty (30) days of service of a subpoena commanding the production of documents by Highland and SAS.[7]

DATED: May 9, 2014

        Respectfully submitted,

        SIDLEY AUSTIN LLP

        By: *(signature)*

        Steven R. Selsberg
        sselsberg@sidley.com
        State Bar No. 18021550
        Wells Fargo Plaza
        1000 Louisiana Street
        Suite 6000
        Houston, TX 77002
        Telephone: (713) 495-4506
        Facsimile: (713) 495-7799

        Yolanda Cornejo Garcia
        ygarcia@sidley.com
        State Bar No. 24012457
        Jacqueline Palma Malafa
        jmalafa@sidley.com
        State Bar No. 24079102
        2001 Ross Avenue, Suite 3600
        Dallas, Texas 75201
        Telephone: (214) 981-3300
        Facsimile: (214) 981-3400

        *Attorneys for Grupo Mexico SAB de CV*

---

[7] *See* Subpoenas prepared for issuance upon Highland and SAS (Exs. A and B) (Apps. 1, 12).

## CERTIFICATE OF SERVICE

On this 9th day of May, 2014, the foregoing document and its attachments were manually filed with the Clerk of Court, U.S. District Court, for the Northern District of Texas. This is an Ex Parte Application and Memorandum of Law in Support, and service will be made in accordance with Federal Rule of Civil Procedure 5(b)(2) upon receipt of the Court's Order entered relative to the relief requested.

_____
Steven R. Selsberg