UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| *EX PARTE* APPLICATION OF GRUPO | ) | MISCELLANEOUS NO. |
| MEXICO SAB de CV FOR AN ORDER | ) | |
| TO OBTAIN DISCOVERY FOR USE IN | ) | 3:14-MC-0073-G |
| A FOREIGN PROCEEDING, | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are SAS Asset Recovery LTD.'s Federal Rule of Civil

Procedure 72(a) objections (docket entry 28) to the magistrate judge's January 15,

2015 order (docket entry 20) granting Grupo Mexico SAB de CV's motion to

compel. For the reasons discussed below, the magistrate judge's order is affirmed.

## I. BACKGROUND

### A. Factual and Procedural Background

Grupo Mexico SAB de CV ("Grupo Mexico") initiated this action to secure

discovery in aid of a foreign proceeding in Mexico. *Ex Parte* Application and

Memorandum of Law in Support of Grupo Mexico's Application for an Order

Directing Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. § 1782

("Grupo Mexico's *Ex Parte* Application") at 6[1] (docket entry 1).  In this Mexican

proceeding, a former employee of Grupo Mexico, Hector García de Quevedo

("García"), alleges that Grupo Mexico's chairman breached a contract by failing to

deliver shares of company stock in exchange for a capital infusion.  *Id.* at 7.  García

serves as the attorney in fact of Infund, LLP ("Infund"), the entity created to execute

the capital infusion.  *Id.*  Grupo Mexico believes that García and/or Infund signed an

agreement "assign[ing] the management, funding and control of the litigation" to

Highland Capital Management L.P. ("Highland") and SAS Asset Recovery, Ltd.

("SAS").  *Id.* at 8.  Highland's and SAS's potential ownership interests in the

litigation could affect issues of standing and any damages assessed in the Mexican

proceeding.  *Id.* at 9.  Therefore, Grupo Mexico seeks "[a]ll Contracts between

Infund, García, Highland and SAS relating to the" Mexican proceeding and "[a]ll

Documents concerning or related to any contracts between Infund, García, Highland

and SAS," among other things.  Proof of Service for Subpoena Served on SAS ("Proof

of Service for SAS") at 11 (docket entry 7).

On May 9, 2014, Grupo Mexico filed an *ex parte* application pursuant to 28

U.S.C. § 1782 to obtain access to these documents.  *See* Grupo Mexico's *Ex Parte*

Application.  Over five months later, on October 16, 2014, Grupo Mexico filed a

motion for an expedited hearing on its application.  Grupo Mexico's Motion for

---

[1]      All page numbers refer to ECF page numbers located at the top of each
electronic filing.

Expedited Hearing (docket entry 4).  The following day, the magistrate judge granted Grupo Mexico leave to serve subpoenas on both Highland and SAS.  Sealed *Ex Parte* Order at 5 (docket entry 5).  On November 13, 2014, Grupo Mexico filed proofs of service for the subpoenas indicating that Highland and SAS received service on October 24, 2014 and November 7, 2014, respectively.  Proof of Service for Subpoena Served on SAS; Proof of Service for Subpoena Served on Highland Capital (docket entry 8).  Highland filed objections to the subpoena on November 7, 2014, but SAS failed to respond in any manner to the subpoena.  Appendix in Support of Grupo Mexico's Response ("Grupo Mexico's Appendix") (docket entry 37), Non-Party Highland's Objections to Subpoena, Exhibit D at App. 40-44; Grupo Mexico's Motion to Compel Production of Documents ("Motion to Compel") at 2, ¶ 4 (docket entry 9).  Because neither Highland nor SAS produced any documents by mid-December 2014, Grupo Mexico filed a motion to compel production of the requested documents.  *See* Motion to Compel.  In response, the magistrate judge issued an order requiring the parties to conduct a face-to-face meeting during which they would prepare a joint submission detailing the disputed issues.[2]  *See* Order at 1-3 (docket entry 12).

---

[2]     The court does not discuss the issue of whether SAS, through counsel, participated in the face-to-face meeting because it has no influence on the court's conclusion.  *See* Electronic Transcript at 9-15 (docket entry 24).

After receiving the joint submission, the magistrate judge held a hearing on Grupo Mexico's motion to compel.  Sealed Electronic Minute Entry for Proceedings (docket entry 19).  The magistrate judge ultimately granted the motion with respect to SAS but denied the motion as to Highland.  Order (docket entry 20).  With regard to SAS, the court noted that "SAS was properly served, and it did not file objections or anything else timely so those objections are waived and the motion is granted as to SAS."[3]  Electronic Transcript at 44 (docket entry 24).

Following this order, SAS filed an expedited motion to stay enforcement of the magistrate judge's order until the district court judge had sufficient time to consider Federal Rule of Civil Procedure 72(a) objections.  SAS's Special Appearance to File Expedited Motion for Stay at 2-3 (docket entry 25).  The magistrate judge granted this motion in part until the parties had time to adequately brief the matter.  Order Granting SAS's Motion for Stay (docket entry 27).  Shortly after this order, SAS filed Rule 72(a) objections to the magistrate judge's order on the motion to compel.  SAS's Special Appearance to File Rule 72(a) Objections (docket entry 28).  Grupo Mexico timely filed a response to these objections, which was followed by SAS's timely reply.  Grupo Mexico's Response to SAS's Rule 72(a) Objections (docket entry 37); SAS's

---

[3]        On the same day that the magistrate judge entered her order, SAS filed a motion to quash the subpoena.  Special Appearance of SAS to File Motion to Quash Subpoena (docket entry 23).  SAS concedes that this motion was mooted by the magistrate judge's order.  *See* SAS's Special Appearance to File Reply Concerning Motion to Quash Subpoena at 2 (docket entry 36).

Special Appearance to File Reply in Support of Rule 72(a) Objections ("SAS's

Reply") (docket entry 41).  The objections are now ripe for the court's consideration.

II.  <u>ANALYSIS</u>

A.  <u>Legal Analysis</u>

1.  *Standard of Review for Rule 72(a) Objections*

If a person files objections to a magistrate's order, under Federal Rule of Civil

Procedure 72(a), the district judge can "modify or set aside any part of the order that

is clearly erroneous or is contrary to law."  *See also* 28 U.S.C. § 636(b)(1)(A) (setting

forth the standards of review used in Rule 72(a)).  Courts have interpreted this

language to create distinct standards of review for findings of fact and conclusions of

law.  Specifically, "[t]he Court reviews the Magistrate Judge's legal conclusions *de*

*novo*, and reviews her factual findings for clear error."  *Merrill v. Waffle House, Inc.*, 227

F.R.D. 475, 476 (N.D. Tex. 2005) (Lynn, J.) (citing *Lahr v. Fulbright & Jaworski*, 164

F.R.D. 204, 209 (N.D. Tex. 1996) (Fitzwater, J.)).

2.  *Obtaining Discovery for Use in a Foreign Tribunal*
*Pursuant to 28 U.S.C. § 1782*

Congress enacted 28 U.S.C. § 1782 "to provide federal-court assistance in

gathering evidence for use in foreign tribunals."  *Intel Corporation v. Advanced Micro*

*Devices, Inc.*, 542 U.S. 241, 247 (2004).  Today, after multiple alterations to the

original 1948 statute, the relevant text reads:

- 5 -

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . ..

28 U.S.C. § 1782(a); see also *Intel Corporation*, 542 U.S. at 247-49.  This text indicates that "[a] district court may grant an application made under 28 U.S.C. § 1782 when (1) the person from whom discovery is sought is found or resides within the district; (2) the discovery is for use in a foreign tribunal; and (3) the application[, if not made by a foreign or international tribunal,] is made by an interested person." *In re Application of Chevron Corporation*, Miscellaneous Action No. H-10-134, 2010 WL 2038826, at *1 (S.D. Tex. May 20, 2010).  Once a court issues a subpoena pursuant to § 1782, "the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure," unless the court prescribes otherwise.  28 U.S.C. § 1782(a).

### 3.  *Waiving Defenses to a Subpoena*

Under Federal Rule of Civil Procedure 45, subpoenaed persons can serve objections on the party seeking discovery or its attorney.  FED. R. CIV. P. 45(d)(2)(B).  "The objection[s] must be served before the earlier of the time specified for

compliance or 14 days after the subpoena is served." *Id.* Either in lieu of or in addition to serving objections on the party seeking discovery, a person can "timely" file a motion to quash or modify the subpoena. FED. R. CIV. P. (d)(3)(A). While "'timely' is not defined in the rule nor elaborated upon in the advisory committees notes . . ., [i]n general, courts have read 'timely' to mean within the time set in the subpoena for compliance." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002) (citations omitted); see also *Estate of Ungar v. Palestinian Authority*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) ("It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena.").

In the majority of cases, a person -- whether a traditional party (*i.e.*, a plaintiff or defendant) or a non-party -- waives objections if he/she/it fails either to serve timely objections on the party seeking discovery or to file a timely motion with the court. See, *e.g.*, *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *Isenberg v. Chase Bank USA*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009) (Means, J.) ("'The failure to serve written objections to a subpoena within the time specified by [Rule 45(d)(2)(B)] typically constitutes a waiver of such objections.'") (quoting *Concord Boat Corporation v. Brunswick Corporation*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996));

*Piazza's Seafood World, LLC v. Odom*, Civil Action No. 07-413-BAJ-CN, 2011 WL
3664437, at *3 (M.D. La. Aug. 19, 2011) ("Failure of a nonparty to serve timely
objections to a Rule 45 subpoena generally results in a waiver of all grounds for
objection . . ..") (citing *Moon v. SCP Pool Corporation*, 232 F.R.D. 633 (C.D. Cal.
2005)).  This waiver applies to the defense of lack of personal jurisdiction.  See, *e.g.*,
*Anwalt Energy Holdings, LLC v. Falor Companies, Inc.*, No. 2:06-CV-0955, 2008 WL
2268316, at *1-2 (S.D. Ohio June 2, 2008) (concluding that the subpoenaed non-
party waived the defense of lack of personal jurisdiction by failing to file a timely
objection).

     "However, in unusual circumstances and for good cause . . . the failure to act
timely will not bar consideration of objections."  *In re Denture Cream Products Liability
Litigation*, 292 F.R.D. 120, 124 (D.D.C. 2013) (internal quotations and citation
omitted).  "Unusual circumstances" exist when "(1) the subpoena is overbroad on its
face and exceeds the bounds of fair discovery; . . . (2) the subpoenaed witness is a
nonparty acting in good faith; . . . and (3) counsel for witness and counsel for
subpoenaing party were in contact concerning the witness' compliance prior to the
time the witness challenged [the] legal basis for the subpoena."  *Id.* (alterations in
original) (citation omitted); see also *Piazza's Seafood World, LLC*, 2011 WL 3664437,
at *3 ("[I]f aspects of a subpoena are overbroad on their face and exceed the bounds
of fair discovery and the subpoenaed witness is a non-party acting in good faith,

waiver of the non-party's untimely objections is not automatic, and the objections

may be considered.").

### B. Application

The magistrate judge's order granting leave to serve the subpoenas on Highland

and SAS did not prescribe alternative procedures for producing the relevant

documents.  *See* Sealed *Ex Parte* Order.  Therefore, SAS had to produce the

documents or appropriately object to the subpoena "in accordance with the Federal

Rules of Civil Procedure."  28 U.S.C. § 1782(a).

SAS's failure either to serve objections "before the earlier of the time specified

for compliance or 14 days after the subpoena is served" or to "timely" file a motion to

quash the subpoena waived any potential defenses, including a lack of personal

jurisdiction defense.[4]  FED. R. CIV. P. 45(d)(2)(B), (3)(A).  In the almost forty days

between SAS's receipt of the subpoena and Grupo Mexico's motion to compel, SAS

did not produce the requested documents, respond with objections, or file a motion

to quash the subpoena.  *See* Motion to Compel at 1-2, ¶¶ 1-4.  Even if the court were

to deem unreasonable the subpoena's November 10, 2014 date of compliance, given

---

[4]         The court agrees with SAS that "the mere service of the subpoena . . .
did not give this Court jurisdiction over SAS."  SAS's Reply at 3.  Rule 45 provided
SAS with multiple procedures for raising this and other arguments concerning
personal jurisdiction.  However, SAS chose not to assert any objections in a timely
fashion.  The cases cited above demonstrate that when a non-party fails to utilize
Rule 45's procedures, and does not cooperate in good faith with the party causing
service of the subpoena, the non-party waives the defense of lack of personal
jurisdiction.

the November 7, 2014 service date, it is still true that SAS failed to respond within the alternative 14 day time limit from the date of service.  *See* Proof of Service for SAS.  Furthermore, SAS's attempts to avoid service, along with its failure to communicate with Grupo Mexico following service, demonstrate an absence of good faith which militates against using the court's discretion to consider the untimely objections.  *See* Grupo Mexico's Appendix, Declaration of Steven R. Selsberg, Exhibit G at App. 93-97; Motion to Compel at 2, ¶ 4 ("SAS has not responded in any way to the subpoena. . . .").

### III.  CONCLUSION

For the reasons discussed above, the magistrate judge's order granting Grupo Mexico's motion to compel with respect to SAS is **AFFIRMED**.

**SO ORDERED**.

March 10, 2015.

A. JOE FISH
**Senior United States District Judge**

- 10 -